IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THOMAS DAVIS,**

    **Plaintiff,**

**v.**                        //      **CIVIL ACTION NO. 1:07CV5**
                                           **(Judge Keeley)**

**WARDEN JOYCE FRANCIS,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 11, 2007, the pro se plaintiff, Thomas Davis ("Davis"), filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Subsequently, Davis filed three separate motions for summary judgment and Defendant Warden Joyce Francis ("Francis") also filed a motion for summary judgment. On December 14, 2007, United States Magistrate Judge James E. Seibert entered a Report and Recommendation ("R&R"), recommending that the Court grant Francis' motion for summary judgment and deny Davis' motions for summary judgment. On December 26, 2007, Davis filed a motion for reconsideration (dkt. no. 44).[1] In his motion, Davis asserts that the Magistrate judge acted improperly by entering an R&R without first giving Davis an opportunity to object, and he objects to the recommendations on the various summary judgment motions. He also

---

[1] Although titled a motion for reconsideration by Davis, the Court will construe this motion both as an objection to the R&R and as a motion for reconsideration for the purposes of its analysis.

moves this Court to reconsider the order Judge Seibert entered on December 14, 2007 (dkt. no. 42), denying his motion to compel Francis to answer interrogatories (dkt. no. 38).

**A. Objections**

This Court reviews any objections de novo but may adopt any portion of the R&R not objected to without substantive review.[2]

*1. Alleged Right to Enter Objections Before an R&R*

Davis alleges that the magistrate judge erred in failing to give Davis an opportunity to file objections before issuing an R&R. Upon de novo review, the Court finds that, pursuant to 28 U.S.C. § 636(b)(1) and LR PL P. 72.01, Davis does not have a right to enter objections before an R&R is issued. Consequently, the Court **OVERRULES** that objection.

*2. Davis' Motions for Summary Judgment*

Davis also objects to the recommendation that this Court deny his three summary judgment motions.

Upon de novo review, the Court finds that Magistrate Judge Seibert properly recommended that this Court deny the May 3, 2007 and June 12, 2007 motions for summary judgment. In those motions,

---

[2] Davis's failure to object to a recommendation in the Report and Recommendation waives his appellate rights on that issue and relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Davis asserts that he is entitled to summary judgment because Francis failed to file an answer within the time specified by the Federal Rules of Civil Procedure. The magistrate judge interpreted these motions as motions for default judgment and recommended denying them because Francis had timely filed motions for extensions of time and had filed the answer within the extended period of time. The Court finds that the magistrate judge properly determined that default judgment was inappropriate under these circumstances.

The Court also finds that Magistrate Judge Seibert properly recommended that the Court deny Davis' summary judgment motion filed on August 14, 2007. The ground of this motion was that Francis had failed to respond to Davis' reply. The magistrate judge once again interpreted this motion as a motion for default judgment and recommended denying the motion because, pursuant to Fed. R. Civ. P. 7(a), a response to a reply is not required nor permitted except by leave of the court. The Court finds that the magistrate judge properly determined that default judgment was inappropriate under these circumstances. Consequently, the Court **OVERRULES** these objections.

*3. Francis' Motion to Dismiss or for Summary Judgment*

Davis objects to the recommendation that this Court should grant summary judgment for Francis. Upon de novo review, the Court

3

finds that the magistrate judge properly applied the summary judgment standard in recommending that the Court grant summary judgment for Francis. The magistrate judge properly applied applicable case law[3] when he determined, as a matter of law, that Davis had improperly asserted a Bivens action against the United States, that none of the violations asserted by Davis are personal to Francis, and that none of the exceptions to this general rule apply. Furthermore, the magistrate judge properly applied the rule of Wilson v. Seiter, 501 U.S. 294, 298 (1991), in determining that Davis' Bivens claim, even if asserted against the correct defendants, is meritless because the undisputed evidence shows that his diabetic medical condition is being timely and properly treated and, as a matter of law, Davis' distaste for prison food does not rise to the level of a constitutional violation. Consequently, the Court agrees with the magistrate judge that this case should be dismissed with prejudice and **OVERRULES** the objection.

**B. Motion for Reconsideration**

Davis also moves this Court to reconsider the above summary judgment recommendations and Judge Seibert's order denying Davis' motion to compel Francis to answer interrogatories. For the

---

[3] Trulock v. Freeh, 275 F.2d 391, 402 (4th Cir. 2001), Kentucky v. Graham, 473 U.S. 159, 165 (1985), and Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990).

reasons stated above, the Court finds that the magistrate judge properly applied the applicable legal standards and **DENIES** the motion to reconsider the summary judgment recommendations. Furthermore, because this Court **GRANTS** summary judgment for Francis, this Court, upon reconsideration, **DENIES** Davis' motion to compel **AS MOOT**.

Consequently, the Court **OVERRULES** all of Davis' objections, **ADOPTS** Magistrate Judge Seibert's Report and Recommendation in its entirety (dkt. no. 41), **GRANTS** Francis' motion for summary judgment (dkt. no. 23), **DENIES** Davis' motions for summary judgment (dkt. nos. 19, 26, & 30), **DENIES** Davis' motion for reconsideration (dkt. no. 44), and **DISMISSES** this case **WITH PREJUDICE.** The clerk is ordered to **STRIKE** this case from the Court's docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> plaintiff, certified mail, return receipt requested.

Dated: January 24, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE